UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**SEAH CHEE WEI AND TAN SUAH PIN,**
**AS LIQUIDATORS OF TRAXIAR DRILLING**
**PARTNERS II PTE, LTD.**

    **Plaintiffs,**

  v.                                           **Case No.**

**ROCKY POINT INTERNATIONAL, LLC,**

    **Defendant.**

## COMPLAINT

The plaintiffs plead:

### Parties

1. Plaintiff, Seah Chee Wei and Tan Suah Pin (the "Liquidators") are the duly appointed liquidators of Traxiar Drilling Partners II Pte. Ltd. ("Traxiar"), a foreign corporation located in the Republic of Singapore. Messrs. Seah and Tan are also residents of the Republic of Singapore. Neither they nor Traxiar have permanent residences in the United States.

2. Defendant, Rocky Point International, LLC, ("Rocky Point"), is a Wisconsin limited liability company that may be served by and through its registered agent for service of process, James R. Walden, Jr, at 707 W. Moreland Blvd., Suite 9, Waukesha, Wisconsin 53188, or wherever he may be found. Rocky Point is owned by Edgewood International, LLC, a Wisconsin LLC, which is owned by Jamax, AS LLC, a Norwegian corporation, which is owned by Realverdi Eindeion AS, which is owned by a company called Hasselhaugen, a Norwegian corporation, which is 100% owned by member of the Dag Dvergsten family, who are all residents

of Norway and do not have permanent residences in the United States.

## Jurisdiction and Venue

3. The district court has jurisdiction under 28 U.S.C. § 1332 (a)(2) because plaintiff is a company from a foreign state and has its principal place of business in Singapore and the defendant is a limited liability company organized under the laws of the State of Wisconsin, with its principal place of business in Wisconsin. None of the foreign parties or their beneficial owners have permanent residences in the United States. The amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391 (a)(1) and § 1391 (b)(2) because this is a civil action and a substantial part of the events or omissions giving rise to this claim occurred in this district.

5. All conditions precedent have been performed or have occurred.

## Facts

6. On or about December 23, 2013, Symphony Ventures Pte. Ltd ("Symphony") entered into a Term Loan Agreement with Traxiar Drilling Partners II PTE, LTD ("Traxiar") to finance the first deposit or down payment for the purchase of vessel (an oil rig) located in Qatar called Somnath ("Somnath" or "the Vessel").

7. The Vessel was presumably owned by a company called GOL Offshore Fujairal LLC FZE ("GOL").

8. The Term Loan Agreement set forth that Symphony was to lend Traxiar $15,000,000.00 in two parts. The first payment of $6,000,000.00 USD was to be made available to Traxiar on or before December 31, 2013. According to the Term Loan Agreement, the funds were to be used to finance the first deposit or down payment payable to GOL as required by the

Memorandum of Understanding ("MOA") between GOL and Traxiar and for other expenses related to Somnath.

9. The remaining $9,000,000.00 was to be made available to Traxiar after there was confirmation that adequate security for the Vessel had been created.

10. The payments were to be sent to a bank account owned by Dag Dvergsten PTE, LTD. ("DDPTE") because, according to Dag Dvergsten, Traxiar alleged that it not maintain a bank account. Dag Dvergsten was a part owner of Traxiar.

11. Symphony required evidence of the signed MOA before issuing the first payment to Traxiar. Dvergsten provided the fully executed MOA to Symphony. The fully executed MOA provided did not include any side agreements.

12. On or about December 26, 2013, and based on the representation that the MOA was the complete agreement between Traxiar and GOL, the first installment ($6M) of the Term Loan Agreement was paid by Symphony to Traxiar through the DDPTE bank account.

13. On or about December 27, 2013, nearly $3.25 Million was transferred by DDPTE to TY Global, LLC, which is a company in Houston, Texas. There is no legitimate business purpose for this transfer.

14. On or about December 30, 2013, $2.25 Million of the $3.25 Million was transferred from TY Global to AT Offshore, LLC, which is also a Houston, Texas company. There is no legitimate business purpose for this transfer.

15. On or about January 2, 2014, $2 Million was transferred by wire from AT Offshore to Defendant, Rocky Point, a Wisconsin company. There appears is no legitimate business purpose for this transfer.

16. Rocky Point is owned by various companies in Wisconsin and Norway which are

controlled by Dag Dvergsten.

17. Ultimately, the sale of the Somnath rig to Traxiar never materialized. Therefore, the funds were not used to finance the first deposit or down payment payable to GOL under the MOA and for other expenses related to Somnath.

18. As the Somnath rig was not available for sale, events of default were triggered under the Term Loan Agreement. A Notice of Default and Acceleration dated 2 July 2014 was issued by Symphony to the Company as borrower, claiming $7,553,424.66 (comprising the outstanding principal of $6 million and accrued interest of $1,553,424.66) as the total amount outstanding under the Term Loan Agreement.

19. Under a Deed of Settlement in August 2014, Traxiar arranged for installment payments which wholly constituted interest payments on the term loan.

20. Traxiar subsequently defaulted on the balance outstanding sum of $6,370,490.73 and Symphony issued a statutory demand dated December 29, 2014 against Traxiar for the aforementioned amount. On March 27, 2015, Symphony commenced litigation in Singapore to wind up Traxiar. On May 12, 2015, Symphony enforced its rights to realize a security (pledged under the Term Loan Agreement) for $2 million, thereby reducing the principal outstanding sum owed by Traxiar to $4,370,490.73.

21. On or about June 3, 2015, an order to wind up Traxiar was signed by the High Court of the Republic of Singapore. In that same order, the Court appointed Seah Chee Wei and Tan Suah Pin as liquidators and vested the Liquidators with authority to exercise all or any powers and entitlements of liquidators conferred by virtue of Section 272(1) of the Singapore Companies Act. Section 272(1) states, in part that the Liquidator may "carry on the business of the company so far as is necessary for the beneficial winding up thereof." *See* Section 272(1) of the Companies Act

(Cap. 50 Rev Ed 2006) ("the Act"). Section 272(2) of the Act goes on to state that the Liquidator "may bring or defend any action or other legal proceeding in the name and on behalf of the company." *See* Section 272(2) of the Act.

22. On behalf of Traxiar, the Liquidator has filed a lawsuit against Dag Dvergsten, individually, in Singapore. The causes of action in that proceeding are pertinent to this lawsuit and include claims for the sham/fraudulent transactions and fraudulent misrepresentations committed against Symphony. That case is scheduled for trial in 2017.

23. After conducting an extensive investigation regarding what happened to the money, the Liquidators discovered that $2 Million of the funds is now in the possession of Rocky Point. Based on this discovery, the Liquidators sent a demand letter to Rocky Point which demanded return of the $2 Million that Rocky Point improperly obtained.

24. On April 29, 2016, the Liquidators were notified that Rocky Point received the $2 Million from AT Offshore in an "offshore rig project." To date, no evidence has been presented to support the existence of the "offshore rig project."

25. On June 7, 2016, the plaintiffs filed suit against TY Global, AT Offshore, and Rocky Point in the Southern District of Texas, case no. 4:16-cv-1602. In that suit, the plaintiffs asserted substantially similar claims as are asserted in this lawsuit. That case was dismissed without prejudice as to Rocky Point on September 21, 2016 for lack of personal jurisdiction.

**First Cause of Action – Violation of the Uniform Fraudulent Transfer Act**

26. The plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 25 of this complaint.

27. On or about December 27, 2013, DDPTE and Dag Dvergsten took the funds borrowed by Traxiar from Symphony and transferred almost $3.25 Million to TY Global. No

5

legitimate business purpose existed for this transfer, and invoices were prepared at the direction of Dag Dvergsten for services which had not been rendered. TY Global then transferred $2.25 Million of the funds to AT Offshore. No legitimate business purpose exists for this transfer. AT Offshore then transferred $2 Million to Rocky Point. No legitimate business purpose exists for this transfer.

28. The Liquidators are a creditor of DDPTE because they have a valid and subsisting claim on behalf of Traxiar against DDPTE which has yet to be satisfied.

29. The transfer of the funds from DDPTE and Dag Dvergsten to TY Global, then to AT Offshore and finally to Rocky Point was done with the intent to delay, hinder, and defraud Traxiar by the transfer of assets after its claim arose and within a reasonable time both before and after the transfers of the $3.25 Million were made. DDPTE and Dag Dvergsten transferred or arranged for the transfer of Traxiar's ownership and control of the $3.25 Million with the intent to relieve itself of any assets that would be used to satisfy any of the claims Traxiar (and now the Liquidator) had pending at the time of the transfers.

30. DDPTE, Dag Dvergsten, TY Global, AT Offshore and Rocky Point transferred the property described above with intent to delay, hinder, and defraud creditors, including Traxiar. Specifically, the transfers of assets were fraudulently done because:

    (a)    the transfer of the assets was made to insiders (all of the transfers were done by or at the request of Dag Dvergsten);

    (b)    Dag Dvergsten retained actual control of a majority of the funds after each transfer;

    (c)    the transfers of assets were concealed from Traxiar and or Symphony;

    (d)    the transfers were substantially all of DDPTE, Traxiar, TY Global and AT Offshore's assets;

    (e)    DDPTE, Traxiar, TY Global and AT Offshore were insolvent or became insolvent shortly after the transfers were made of the assets;

6

  (f) the transfers occurred shortly before or shortly after a substantial debt was incurred; and

  (g) the value of the consideration received by DDPTE, Traxiar, TY Global and AT Offshore for the transfer of the sales proceeds was not reasonably equivalent to the value of the monies transferred.

31. All of the above are badges of fraud pursuant to Wis. Stat. § 242.04(2) and support a fraud claim pursuant to Wis. Stat. § 242.04(1)(a).

32. Since these "badges of fraud" are present, it may be inferred that DDPTE, TY Global, AT Offshore, and Rocky Point made and/or received the transfers of ownership of Traxiar's assets with intent to defraud DDPTE's creditors, including Traxiar and Symphony. Therefore, the defendant's actions violate the Wisconsin Uniform Fraudulent Transfer Act at Wis. Stat. § 242.04(1)(a).

33. Since DDPTE, Traxiar, Ty Global and AT Offshore were insolvent or became insolvent shortly after the transfers were made, and the transfers were substantially all of their assets, and the value of the consideration received by DDPTE, Traxiar, TY Global, and AT Offshore was not reasonably equivalent to the value of the monies transferred, the defendant's actions further violate the Wisconsin Uniform Fraudulent Transfer Act at Wis. Stat. § 242.04(1)(b).

**Second Cause of Action – Money Had and Received/Unjust Enrichment**

33. The plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 32 of this complaint.

34. Pleading in the alternative and without waiving the foregoing, Rocky Point holds money that in equity and good conscience belongs to Traxiar. There is no legitimate business purpose for the transfers of money described, *supra*. Therefore, Rocky Point has been unjustly enriched by $2 Million.

### Third Cause of Action - Constructive Trust

35. The plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 34 of this complaint.

36. Rocky Point was unjustly enriched by the fraudulent transfers from DDPTE for its own benefit in an attempt to defraud creditors. Therefore, the Liquidators respectfully request that, upon final judgment of this matter, the Court impose a constructive trust on the $2 Million that is currently in Rocky Point's possession. These monies should be paid to Traxiar, as creditor of DDPTE, TY Global, AT Offshore, and Rocky Point.

### Fourth Cause of Action – Conversion

35. The plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 34 of this complaint.

36. After the dates on which Symphony transferred funds to DDPTE for the benefit of Traxiar, DDPTE transferred to funds to TY Global who transferred a portion of the funds to AT Offshore, who then transferred some of the funds to Rocky Point. There is no legitimate business purpose for any of these transfers. Of those funds, Rocky Point has converted $2 Million of Traxiar's funds for its own benefit.

### Relief Requested

The plaintiffs request the following relief:

(a) that process issue and defendants be served as provided by law;

(b) that plaintiffs have judgment against defendant in the amount of $2,000,000.

(c) Its reasonable and necessary attorney's fees as provided under applicable law, including fees in the event of appeal, plus post-judgment interest at the legal rate, and all costs of court;

(g) that the Court grant such other and further relief, at law or in equity, for which Plaintiff is justly entitled.

8

The plaintiffs request a trial by jury on all issues which may be tried by a jury.

Dated: September 26, 2016.

        */s/ Jerome R. Kerkman*
        Jerome R. Kerkman
        Gregory M. Schrieber

        Kerkman & Dunn
        Attorneys for the Plaintiffs,
        Seah Chee Wei and
        Tan Suah Pin, as Liquidators of
        Traxiar Drilling Partners II Pte, Ltd.

P.O. Address:

757 N. Broadway, Suite 300
Milwaukee, WI 53202-3612
Phone: 414.277.8200
Facsimile: 414.277.0100
Email: jkerkman@kerkmandunn.com

        and

        M. H. Cersonsky
        Marianne G. Robak
        (Admission to E.D. Wis. to be filed)

        Cersonsky, Rosen & Garcia, P.C.
        Counsel for the Plaintiffs,
        Seah Chee Wei and
        Tan Suah Pin, as Liquidators of
        Traxiar Drilling Partners II Pte, Ltd.

P.O. Address:

1770 St. James Place, Suite 150
Houston, Texas 77056
Phone: 713.600.8500
Facsimile: 713.600.8585
Email: mhcersonsky@law-crg.com
mgrobak@law-crg.com