# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAH CHEE WEI and TAN SUAH PIN, <br><br> Plaintiffs, <br><br> v. <br><br> ROCKY POINT INTERNATIONAL LLC, <br><br> Defendant. | Case No. 16-CV-1282-JPS <br><br><br><br> **ORDER** |

In this case, Plaintiffs, liquidators of Traxiar Drilling Partners II Pte., Ltd. ("Traxair"), assert several claims arising from allegedly fraudulent transfers of funds to Defendant Rocky Point International LLC ("Rocky Point"). Before the Court is Rocky Point's second motion to dismiss for failure to join indispensable parties under Federal Rule of Civil Procedure 19 (Docket #36) and its motion for extension of time to file a brief in support of the motion to dismiss (Docket #37). Plaintiffs oppose both motions. (Docket #38 and #39). For the reasons stated below, Rocky Point's motions will be denied.[1]

This is the third occasion in about as many months that the Court has addressed this matter. As a result, the Court will not rehash the detailed exploration of the facts it made in prior orders. *See Wei v. Rocky Point Int'l, LLC,* Case No. 16-CV-1282-JPS, 2016 WL 7046802, at *1–2 (E.D. Wis. Dec. 2, 2016); *Wei v. Rocky Point Int'l, LLC,* 16–CV–1282–JPS, 2017 WL 74263, at *1–2 (E.D. Wis. Jan. 6, 2017). The Court will instead assume familiarity with the factual background and proceed to address the merits of the present motions.

---

[1]Plaintiffs filed a motion to strike Rocky Point's motion to dismiss on the ground that it was improperly incorporated into Rocky Point's answer. (Docket #38). Because the Court finds the motion to dismiss to be meritless, it will deny the motion to strike as moot.

In its motion to dismiss, Rocky Point claims that Plaintiffs have failed to join two parties in this action—Symphony Ventures Pte., Ltd. ("Symphony") and its principal, Michel Kurzer ("Kurzer"). (Docket #36 at 1–2). As the Court explained in its most recent order, Symphony was a creditor to Traxair by virtue of a loan agreement between them, and that loan agreement precipitated the fund transfers in late 2013 that Plaintiffs allege were fraudulent. *Wei*, 2017 WL 74263, at *1. Rocky Point believes that Kurzer, through Symphony, has hijacked Traxair's liquidation and directed Plaintiffs, as Traxair's liquidators, to engage in a campaign of litigation across the globe to collect funds in connection with Traxair's default on the loan agreement. *Id.* at *2. The gist of the allegation is that Kurzer is using Plaintiffs as pawns to collect far more than the original loan balance from various entities. *Id.*

In its motion for extension of time to file its brief in support of its motion to dismiss, Rocky Point claims that a trial in a related case in Singapore has revealed facts which it believes substantiate the claim that Kurzer, using Plaintiffs, has collected more money than is due under the loan agreement. (Docket #37 at 2–6); (Docket #41 at 1–2). Rocky Point requests an extension of time to collect the transcripts of the relevant testimony so that it can be presented to this Court in support of its motion. (Docket #37 at 6–7). The requested extension would amount to approximately forty-five days' extension from the date the motion was filed. *See* (Docket #41 at 2).

Rocky Point's rationale for the relevance of this evidence is that Kurzer and Symphony "are actually making the decisions for [Plaintiffs]. Thus they have stepped into the shoes of [Plaintiffs] and have liability for their actions. [Plaintiffs], on behalf of Kurzer and Symphony, are also pursuing recovery of money that is not actually due on the Symphony debt. Thus Rocky Point is exposed to multiple or inconsistent obligations." (Docket

#37 at 7). In its reply, Rocky Point reiterates that because Kurzer and Symphony "have been made whole (and then some) by acquiring monies from Traxair and Traxair's guarantors," and because Kurzer continues to use Plaintiffs to pursue still more litigation in his collection efforts, "Rocky Point will be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." (Docket #41 at 2). Rocky Point claims that without these two parties, it "will have great difficulty showing that [Plaintiffs] are pursuing recovery in a matter that they should be pursuing on behalf of parties who have already been paid." *Id.*

If Rocky Point's argument seems familiar, it is. The Court rejected this precise argument in its January 6, 2017 order. *Wei*, 2017 WL 74263, at *3. There, the Court considered the suggestion that Kurzer and Symphony are indispensable to this litigation as defined in Rule 19. *Id.* at *5. The Rule defines a necessary party as one (1) in whose absence the court cannot accord complete relief among the existing parties, or (2) who claims an interest relating to the subject of the action and is so situated that disposing of the action may (a) as a practical matter impair or impede that person's ability to protect the interest or (b) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1). Undertaking the necessary party analysis "entails a pragmatic approach, focusing on realistic analysis of the facts of each case." *Bio–Analytical Servs., Inc. v. Edgewater Hosp., Inc.*, 565 F.2d 450, 452 (7th Cir. 1977); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118 (1968). The party invoking Rule 19 bears the initial burden to show why a party is necessary under Subsection (a). *See Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011); *Disabled in Action*

*of Pa. v. S.E. Pa. Transp. Auth.*, 635 F.3d 87, 97 (6th Cir. 2011); *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 2006).

In its January 2017 order, the Court concluded that Rocky Point's first motion did not satisfy Rule 19's standards. *Wei*, 2017 WL 74263, at *5. The Court was unpersuaded by Rocky Point's theory that Kurzer and Symphony are relevant because "they masterminded this litigation to extract more money from Rocky Point" and other entities than the amount to which they were entitled under the loan agreement. *Id.* As the Court explained, this theory is untethered from the matters actually at issue in this action. *Id.* The Court reasoned that

> Plaintiffs' claim in this case is, at its core, that [Dag Dvergsten Pte., Ltd. ("DDPTE")] took Traxair's money that should have been paid to Symphony and absconded with it. Eventually, some of that money ended up under Rocky Point's control. Although the disputes between these parties span much of the globe, the question in this Court is straightforward: was the transfer of funds to Rocky Point fraudulent, in violation of [the Wisconsin Uniform Fraudulent Transfer Act]?
>
> To answer this question, the Court need not determine how much is left to be paid on the loan agreement between Traxair and Symphony. Consider the hypothetical situation in which Traxair, after learning that DDPTE stole its funds, found another source of money and kept up its obligations under the loan agreement with Symphony. In that case, Plaintiffs could still come to this Court seeking to recover the money DDPTE had stolen. Whether the original loan was fully or partially repaid would be of no moment. That is true in this case as well. Thus, Rocky Point has not shown that Symphony and Kurzer have an interest relating to the subject of the action or why failure to join them would expose Rocky Point to multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B).
>
> Nor do Plaintiffs' claims require the Court to consider Rocky Point's and the Intervenors' theory that Kurzer is the puppet-master behind this case. The allegedly fraudulent transfers underlying this case occurred well before Traxair's

> default and liquidation. As a result, whether Plaintiffs are acting as Kurzer's cronies has no bearing on whether the transfers at issue here were fraudulent. The parties, who have been involved in the entire course of the Somnath saga, see every part of it as linked. The Court, on the other hand, appreciates the narrow issues it must decide and leaves to more appropriate fora the resolution of the parties' other disagreements. Indeed, to hear Rocky Point's claims against Symphony and Kurzer would cause the very waste of judicial resources that Rule 19 is designed to prevent. *See Moore*, 901 F.2d at 1447.

*Id.* The Court therefore denied Rocky Point's first motion under Rule 19. *Id.*

For the same reasons, the Court must deny this second attempt to advance the same argument. Rocky Point ignores the deficiencies in its theory of relevance and instead insists that it can prove its allegations of wrongdoing directed at Kurzer and Symphony. But the problem with Rocky Point's allegations, as the Court has already explained, is not that they are untrue. The problem is that they are irrelevant. The Court will not embroil itself in disputes over the balance due on the loan agreement, which "is only relevant to explain why Traxair paid $6 million to DDPTE in the first place. Whether DDPTE's transfers of those funds were fraudulent is not affected by anything that occurred subsequent to the transfers, including Kurzer's alleged campaign of trickery to turn a profit on Traxair's liquidation." *Wei*, 2017 WL 74263, at *6.

Moreover, this second motion to dismiss highlights Rocky Point's misapprehension of the Rule 19 inquiry. Although Rocky Point believes that it will be subject to multiple or inconsistent liability in the absence of Kurzer and Symphony, it fails to appreciate that the inconsistency in question must arise from claims related to those already at issue in the action. *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) ("Inconsistent

Page 5 of 7

Case 2:16-cv-01282-JPS   Filed 03/30/17   Page 5 of 7   Document 43

adjudications or results. . .occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum."). Furthermore, even "where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages." *Id.*

In this case, Rocky Point is not exposed to multiple or inconsistent obligations with respect to the 2013 fund transfers simply because Kurzer might have over-collected on the loan underlying those transfers. Plaintiff's fraudulent transfer claims are factually and legally distinct from claims related to the satisfaction of the loan agreement. Thus, there is no danger that Rocky Point will face inconsistent adjudications of its liability as to those transfers if claims about the loan agreement are excluded. By the same token, Rocky Point's ability to seek relief from Kurzer's alleged misdeeds is not affected by the disposition of Plaintiffs' fraudulent transfer claims. However, such relief must be sought in the correct forum. Rocky Point cannot use Rule 19 as a vehicle to join unrelated parties for the assertion of unrelated claims and defenses. Consequently, in the absence of any suggestion that Rocky Point's new motion to dismiss will cure the problems that doomed the first one, the second motion (and the motion for extension of time to file a brief in support) must be denied.

In closing, the Court recalls its sentiment from its January 6 order: "These parties clearly have a long and troubled relationship, but the Court invites them in future filings to remain focused on the narrow issues presented in this action." *Id.* at *6. Rocky Point, by filing the present motions, has declined that invitation. The Court no longer invites but admonishes the

parties to confine their arguments and evidence to the issues relevant to this action.

Accordingly,

**IT IS ORDERED** that Rocky Point's motion to dismiss for failure to join indispensable parties (Docket #36) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Rocky Point's motion for extension of time to file a memorandum in support of its motion to dismiss for failure to join indispensable parties (Docket #37) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' motion to strike Rocky Point's motion to dismiss (Docket #38) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge