# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SEAH CHEE WEI,

                Plaintiff,

v.

ROCKY POINT INTERNATIONAL LLC,

                Defendant.

Case No. 16-CV-1282-JPS

**ORDER**

      This is an action to recover funds which Plaintiff alleges were fraudulently transferred to Defendant Rocky Point International, LLC ("Rocky Point"). Presently before the Court is Rocky Point's motion to quash Plaintiff's notices of deposition and subpoenas directed at two individuals. (Docket #46). The first is Dag Dvergsten ("Dvergsten"), whom Plaintiff seeks to depose in both his individual capacity and as Rocky Point's corporate representative under Federal Rule of Civil Procedure 30(b)(6). (Docket #46-2 at 1–5). The second is James Walden ("Walden"), Rocky Point's attorney, whose testimony is sought as to certain topics identified in Plaintiff's subpoena. *See id.* at 6–11.

      Dvergsten was already deposed in both his individual and representative capacities during the course of a similar case currently pending in the Southern District of Texas involving the same parties and attorneys. (Docket #47 at 12). As such, Rocky Point claims that Court authorization is required to take his deposition a second time, pursuant to Rule 30(a)(2)(A)(ii).

      Rocky Point is mistaken. The Rule says that a person may not be deposed a second time "in the case" without the Court's permission. Fed. R. Civ. P. 30(a)(2)(A)(ii). It is plainly confined to successive depositions

occurring in connection with a particular action pending in a particular judicial district. Whatever degree of identity exists between the parties and claims in this action and the Texas proceedings, they are not the same case. Likewise, whether Plaintiff's counsel "contemplated" during the prior deposition that it would be used in other jurisdictions is of no moment. (Docket #47 at 7). The language of the Rule is clear; there has been no deposition of Dag Dvergsten, individually or as corporate representative, in connection with this action. *See In re Sulfuric Acid Antitrust Litig.*, No. 03 C 4576, 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005) (the Federal Rules should be construed according to their plain meaning). Thus, Plaintiff need not seek the Court's leave to take his deposition. *See Collins v. Progressive Mich. Ins. Co.*, CIVIL ACTION NO. 15-cv-13651, 2017 WL 1177684, at *2 (E.D. Mich. Mar. 30, 2017) (deposition in related state-court action did not bar later deposition in federal action); *Opperman v. Path, Inc.*, Case No. 13-cv-00453-JST, 2015 WL 5852962, at *2 (N.D. Cal. Oct. 8, 2015) (deposition in prior related federal action was not in the same "case" for purposes of Rule 30(a)(2)(A)(ii)).[1]

As to Walden, Rocky Point argues that all of his potential testimony is privileged under the attorney-client privilege and, moreover, he will be on vacation on the date that was set for the deposition. (Docket #47 at 5–6). Plaintiff counters that Walden is a fact witness in this case, as he had communications with the owner of the Texas entities that transferred

---

[1] This conclusion means that the Court need not consider Rocky Point's argument that leave for Dvergsten's deposition should be denied because the second deposition will be largely duplicative of the first, (Docket #47 at 5), or because Dvergsten's prior deposition may be used against him in this case, (Docket #50 at 2–3); Fed. R. Civ. P. 32(a); Fed. R. Civ. P. 804.

funds to Rocky Point. (Docket #49 at 3–4). Specifically, Plaintiff has alleged that Walden threatened that person with legal action because he believed that Rocky Point had not received all of the money it was supposed to have received. *See* (Docket #32 ¶ 23).

The Court finds Rocky Point's position unpersuasive. While it may assert the attorney-client privilege where questioning invades privileged communications, Plaintiff has identified matters in which Walden is merely a fact witness. Communications between Walden and the owner of the Texas entities do not fall within the privilege, as such communications were not between Walden and his client and did not constitute the provision of legal advice. *See United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). To the extent Walden has non-privileged testimony to offer, Plaintiff has a right to obtain it.

Furthermore, the Court takes Plaintiff at his representation that he is open to rescheduling Walden's deposition to accommodate Walden's vacation. (Docket #49 at 4). The parties will promptly meet and confer to determine a new, mutually agreeable date for the deposition. The Court cautions, however, that it will not modify its scheduling order in light of the rescheduled deposition. The Court's deadlines were set long ago, *see* (Docket #31), and the parties have had ample time to conduct discovery. If Walden's deposition needs to be taken before the dispositive motion deadline, then that should inform the parties' scheduling discussions.

Finally, the Court will deny Plaintiff's request for sanctions against Rocky Point. (Docket #49 at 4–5). First, Rule 30(d), which Plaintiff cites, only empowers a court to sanction a party after it actually fails to appear

for a deposition. Fed. R. Civ. P. 30(d)(1)(A). As of the time of Plaintiff's request, that had not occurred. Second, Plaintiff's argument in favor of sanctions is perfunctory and underdeveloped. He merely seeks to ride the coattails of the Court's prior dissatisfaction with Rocky Point. *See* (Docket #49 at 4–5). To be clear, both parties in this action would do well to behave cooperatively in order to ensure the expeditious resolution of this matter. Thus, the Court finds that the circumstances presented do not warrant the imposition of sanctions. Fed. R. Civ. P. 37(a)(5)(B) (attorney's fees cannot be awarded when a motion to compel discovery is denied if "other circumstances make an award of expenses unjust").

Accordingly,

**IT IS ORDERED** that Defendant Rocky Point International, LLC's motion to quash (Docket #46) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge