# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAH CHEE WEI,<br><br>         Plaintiff,<br>v.<br><br>ROCKY POINT INTERNATIONAL LLC,<br><br>         Defendant. | Case No. 16-CV-1282-JPS<br><br>**ORDER** |

  On July 31, 2017, Defendant Rocky Point International LLC ("Rocky Point") filed a motion for leave to amend its answer, to file a cross-motion for summary judgment, and for protective order. (Docket #62). For the reasons stated below, the motion will be granted in part and denied in part.

  The Court entered a scheduling order in this case in January 2017. (Docket #31). In that order, the Court set the dispositive motion cutoff date as July 1, 2017, and scheduled trial to begin on October 23, 2017. *Id.* On the dispositive motion deadline, Plaintiff filed a motion for partial summary judgment. (Docket #53). Rocky Point filed nothing.

  On July 31, 2017, in addition to its opposition to Plaintiff's motion, Rocky Point requested the Court's leave to amend its answer, to file its own cross-motion for summary judgment out of time, and for a protective order stalling all discovery until the resolution of its cross-motion. (Docket #62). Rocky Point explains that in parallel proceedings going on in Singapore, a judge issued an order on June 30, 2017, finding that there was no fraud in the fund transfers underlying this case. *Id.* at 1–2. Rocky

Point's multifaceted requests for relief are aimed at bringing a defense of collateral estoppel into these proceedings. *Id.* at 3.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts should freely grant leave to amend a pleading where justice so requires. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, "[a]s a general rule, district courts should liberally grant leave to amend pleadings." *Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 854 (7th Cir. 2017). That said, courts enjoy discretion to deny such leave "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). In egregious cases, even delay, standing alone, can require denial of leave to amend. *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988); *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992). More often, delay warrants denial of leave where it would work prejudice against the other parties or cause unacceptable additional delay in the ultimate resolution of the case. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) ("The underlying concern is the prejudice to the [party] rather than simple passage of time.").

Against this backdrop, the Court is not inclined to entertain Rocky Point's late-coming defense. While the Court appreciates that the Singaporean ruling came only a day before the dispositive motion deadline, at no time prior to its July 31, 2017 filing did Rocky Point ever apprise the Court that the foreign proceedings might give rise to a new defense. Waiting until a month after this Court's dispositive-motion

deadline and a month after receiving the Singaporean ruling to raise this issue for the first time is inexcusable. It prejudices Plaintiff, who must pivot his efforts to resist a defense never asserted prior to the dispositive motion deadline, and allowing the cross-motion to proceed would delay the ultimate resolution of this case, something the Court is loath to tolerate.

Nevertheless, in light of the strong policies favoring amendment of pleadings, the Court will grant Rocky Point leave to amend its answer to include a collateral estoppel defense. But to allay the concerns for prejudice against Plaintiff and potential delay in resolving this matter, the Court will not allow Rocky Point leave to file its cross-motion for summary judgment, nor will the Court enter a protective order against further discovery until adjudication of the collateral estoppel defense. First, the proposed cross-motion is over a month late, and allowing it to brief fully would not leave the Court sufficient time to consider it prior to trial. Second, as to the motion for protective order, the Court would never entertain a motion to stay all discovery in a case based on a party's legal argument. All parties appearing before this branch of the Court are expected to take discovery on all pertinent issues simultaneously. This protocol improves the efficiency and focus of the discovery process and ensures that cases are disposed of in a timely manner.

The Court will treat the facts and arguments Rocky Point submitted regarding collateral estoppel as simply part of its opposition to Plaintiff's motion for partial summary judgment. In his reply in support of his motion, Plaintiff shall address the facts and arguments as to collateral estoppel (in addition to Rocky Point's other arguments).

Accordingly,

**IT IS ORDERED** that Rocky Point's motion for leave to amend its answer, to file a cross-motion for summary judgment, and for protective order (Docket #62) be and the same is hereby **GRANTED in part** and **DENIED in part** as stated herein.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge