# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAH CHEE WEI,<br><br>                    Plaintiff,<br>v.<br><br>ROCKY POINT INTERNATIONAL LLC,<br><br>                    Defendant. | Case No. 16-CV-1282-JPS<br><br>**ORDER** |

On July 31, 2017, Defendant Rocky Point International LLC ("Rocky Point") filed a motion for leave to amend its answer, to file a cross-motion for summary judgment, and for protective order, attempting to raise the issue of collateral estoppel based on a ruling rendered in parallel judicial proceedings in Singapore. (Docket #62). The Court granted in part and denied in part the motion in an order issued on August 4, 2017. (Docket #66). The Court permitted Rocky Point to raise the collateral estoppel defense, but only in opposition to Plaintiff's motion for partial summary judgment and not as a standalone cross-motion for summary judgment. *Id.* at 3–4. Rocky Point has now moved for reconsideration of the Court's decision to deny it leave to file a separate cross-motion for summary judgment. (Docket #67).

The Court must deny Rocky Point's request for reconsideration. First, it cites no rule, case, or any authority whatsoever for its request for

reconsideration. (Docket #68 at 1–2).[1] Indeed, the entirety of its argument is a two-page critique of the Court's ruling. *Id.* "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotation omitted); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Rocky Point has not expended even a modicum of effort to show that the Court committed a manifest error of law or fact, nor has it pointed to any newly discovered evidence relevant to the Court's decision. Rocky Point's latest filing merely expresses its disappointment with the Court's decision, but that has never been an accepted basis for reconsideration. *Caisse Nationale*, 90 F.3d at 1269 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). The Court considered Rocky Point's reasons for wanting to advance a separate cross-motion for summary judgment and rejected them. *See* (Docket #66 at 2–3). Rocky Point's request for reconsideration will, therefore, be denied.

The Court closes by noting that this is the second time it has had to expend its limited resources addressing an undoubtedly meritless request from Rocky Point. *See* (Docket #43 at 3–5) (denying Rocky Point's second, nearly identical motion to dismiss for failure to join indispensable parties). A two-page motion for reconsideration which merely repeats its earlier arguments, is bereft of citation to authority or the record, and was filed the next business day after the relevant order was issued, suggests that

---

[1] Of course, the correct rule in a pre-judgment request for reconsideration is Federal Rule of Civil Procedure 54(b), which permits the court to revisit any order before a final judgment is entered. Fed. R. Civ. P. 54(b).

Rocky Point did not perform a reasonable inquiry as to whether its arguments had legal or evidentiary support. Future frivolous filings will not be tolerated and may well subject Rocky Point to appropriate sanctions. *See* Fed. R. Civ. P. 11.

Accordingly,

**IT IS ORDERED** that Rocky Point's motion for reconsideration of the Court's August 4, 2017 Order (Docket #67) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge