# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAH CHEE WEI,<br><br>                      Plaintiff,<br>v.<br><br>ROCKY POINT INTERNATIONAL LLC,<br><br>                      Defendant. | Case No. 16-CV-1282-JPS<br><br><br>**ORDER** |

      This is an action to recover funds which Plaintiff alleges were fraudulently transferred to Defendant Rocky Point International, LLC ("Rocky Point"). Before the Court is Plaintiff's motion to compel production of certain financial records, including bank statements, balance sheets, income statements, and tax returns. (Docket #58). Plaintiff wants to use these records for several purposes, including attempting to undermine Rocky Point's justifications for the transfers at issue in this case (such as the upfront commission scheme and the cash pooling agreement discussed at length in the parties' summary-judgment submissions) and to show that the transfers rendered the relevant entities insolvent. *Id.* at 3–5. Thus, Plaintiff seeks an order for Rocky Point to produce: (1) all of Rocky Point's bank statements from BMO Harris Bank, N.A. from October 1, 2013 through January 31, 2017; and (2) all fiscal year end reports, balance sheets, profit and loss statements, tax returns, budget reports, audited financial statements, and audit reports for Rocky Point for the period January 1, 2013 through December 31, 2016. *Id.* at 7.

      District courts have broad discretion in deciding matters relating to discovery. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993). Under Federal

Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information sought need not itself be admissible to be discoverable. *Id.* In considering matters of proportionality, the Rule directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; *Elliot v. Superior Pool Prods., LLC*, No. 15-cv-1126, 2016 WL 29243, at *2 (C.D. Ill. Jan. 4, 2016).

Rocky Point initially resisted Plaintiff's discovery requests as overly broad and unduly burdensome. As to the BMO Harris bank statements, Rocky Point asserts that Plaintiff can retrieve them from the bank directly by way of a subpoena. (Docket #70 at 7). This objection makes no sense, however, as the ability of a third party to produce records does not obviate Rocky Point's duty to produce relevant documents when they are within its control. *See* Fed. R. Civ. P 34(a). Moreover, Rocky Point does not dispute the notion that it has easy access to its own bank statements. Thus, this objection is without merit. *See In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 530 (S.D.N.Y. 1996) (holding that a party can be ordered to produce documents that it has the legal right and practical ability to obtain from another).

Additionally, regarding both the BMO Harris statements and the other requested financial records, Rocky Point believes that the narrow

issue of fraudulent transfer presented in this suit belies Plaintiff's asserted need for so many records over such an expansive time period. However, it should be noted at the outset that after Plaintiff filed his motion, Rocky Point produced a large number of responsive documents—what it calls "almost all" of the requested discovery. (Docket #70 at 3). As of the filing of Plaintiff's reply, it appears that Rocky Point has produced the sought-after tax returns, bank statements from Wells Fargo and Bank of America, "paperwork" concerning the underlying loan and brokerage agreements, mortgage-related documents, invoices and checks regarding improvements made to the Pewaukee lake house, and "most of its financial statements, books and records, and other financial documents." *See id.* at 4–5; (Docket #76 at 2). According to Rocky Point's opposition brief, this leaves only "some third-party records" that have not been produced, (Docket #70 at 9), although its later supplement represents that there is nothing more to provide, (Docket #76 at 2).

Both Plaintiff and this Court noticed the slippage in these representations: the outside observer cannot be expected to know what it means to produce "almost all" of the relevant records or why some portion of those records has been withheld while "most" have not. Put simply, Rocky Point does not equip the Court or Plaintiff to assess what has been produced and what has not, making it impossible to determine whether other responsive records exist. In this vacuum of certainty, the Court is obliged to enforce compliance with Plaintiff's requests.

The Federal Rules of Civil Procedure contemplate a scheme of ongoing, fulsome disclosure of information and documents when a party

is presented with appropriate requests for the same. They do not invite a game of hide-the-ball as to whether relevant material is being withheld, or how much, or why. Trial by ambush is no longer the name of the game. *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003).

As noted above, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rocky Point claims that Plaintiff must also show that the records sought are "indispensable," but this has never been the relevant standard, (Docket #70 at 6),[1] and the Court finds that Plaintiff's requests seek information relevant to its claims and proportional to the needs of the case as a whole, given the ease of locating and producing the records and their potential probative value on the core questions at issue in this lawsuit. At best, Rocky Point thinks that the records sought will not turn out to be persuasive evidence in Plaintiff's favor, but it is free to make that argument at trial. It is not a reason to deny discovery.

Thus, the Court will enter an order compelling Rocky Point to supplement its responses to provide: (1) all of Rocky Point's bank statements from BMO Harris Bank, N.A. from October 1, 2013 through January 31, 2017; and (2) all fiscal year end reports, balance sheets, profit

---

[1] Rocky Point's cited case involved a motion to compel discovery responses after the period for discovery had already closed. *Balschmiter v. TD Auto Finance LLC*, No. 13–CV–1186–JPS, 2015 WL 2451853, at *10 (E.D. Wis. May 21, 2015). Such a request necessarily demands a higher showing of need for the discovery sought, which the movant in that case did not make. That is not the situation in this case. Moreover, in *Balschmiter*, the lack of prejudice in denying the requested discovery was one reason among several that militated in favor of the ultimate result. *See id.*

and loss statements, tax returns, budget reports, audited financial statements and audit reports for Rocky Point for the period January 1, 2013 through December 31, 2016.[2] To the extent such records have already been produced, they need not be produced again.

Finally, the Court must address Plaintiff's request for an award of attorney's fees expended in connection with the instant motion. Federal Rule of Civil Procedure 37(a)(3)(B)(iv) provides that if a party fails to produce documents as requested, a party seeking discovery may move for an order compelling production of documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). If the motion is granted—or if the requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *Id.* 37(a)(5)(A). However, the court must not order such a payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection

---

[2]In his reply, Plaintiff claims that there are other financial institutions with relevant accounts in addition to BMO Harris. (Docket #77 at 2). In his prayer for relief in the reply, Plaintiff updated his demand to request bank statements from BMO Harris and "any other institution holding [Rocky Point's] funds." *Id.* at 14. Parties are not permitted to make new arguments in a reply brief, as it deprives the non-movant of the opportunity to offer its opposition. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989); *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008). The Court will only order production of documents as Plaintiff originally prayed for in his motion. If Rocky Point fails to provide other relevant documents in response to an appropriate discovery request, and if good faith meet-and-confer efforts fail to resolve the parties' dispute, the matter may be revisited with the Court.

was substantially justified; or (iii) other circumstances make an award of expenses unjust. *Id.*

Here, Plaintiff requests an award of fees and expenses in the amount of $11,500, arguing that although Rocky Point produced most of what was asked for, it should have done so sooner. *See* (Docket #77 at 11). The Court must deny the request for a simple reason: other than baldly stating the amount of their fees and expenses, Plaintiff has produced not a single sworn statement or other shred of documentary proof, such as time sheets or evidence regarding counsel's billing rates, to substantiate the amount claimed. Awarding Plaintiff an amount of fees seemingly plucked from thin air would be unjust, as neither Rocky Point nor the Court have the ability to interrogate the reasonableness of the requested fees. *See Commodity Future Trading Comm'n v. Tade Exchange Network Ltd.*, 159 F. Supp. 3d 5, 8 (D.D.C. 2015) (proponent of fee award under Rule 37 must show that rate requested and hours expended are reasonable); *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 120 (S.D.N.Y. 2011) (fees denied where no contemporaneous time records describing work performed were timely submitted). Thus, no award of fees will be made.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel discovery responses (Docket #58) be and the same is hereby **GRANTED in part** and **DENIED in part** as stated herein;

**IT IS FURTHER ORDERED** that Plaintiff's motion to restrict an exhibit submitted in connection with his motion to compel (Docket #60) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Defendant supplement its discovery responses as required by this Order no later than **seven (7) days** from the date of this Order.

Dated at Milwaukee, Wisconsin, this 6th day of September, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge