# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SEAH CHEE WEI,<br><br>                     Plaintiff,<br>v.<br><br>ROCKY POINT INTERNATIONAL LLC,<br><br>                     Defendant. | Case No. 16-CV-1282-JPS<br><br><br><br>**ORDER** |

        The Court's subject-matter jurisdiction in this action was premised solely on diversity of citizenship under 28 U.S.C. § 1332. (Docket #32 ¶ 3). Section 1332 grants federal courts jurisdiction over actions between citizens of different states, citizens of states and citizens of foreign nations, and citizens of different states in which citizens of foreign countries are also participating. 28 U.S.C. § 1332(a)(1)–(3). It does not extend jurisdiction to cases involving only citizens of foreign states. *Sadat v. Mertes*, 615 F.2d 1176, 1183 (7th Cir. 1980); *Intec USA, LLC v. Engle,* 467 F.3d 1038, 1041 (7th Cir. 2009).

        Plaintiff's recent jurisdictional statement, which Defendant does not oppose, reveals that this case involves only foreign parties. (Docket #104). First, Plaintiff Seah Chee Wei ("Seah") is the duly appointed liquidator of Traxiar Drilling Partners II Pte. Ltd. ("Traxair"). Seah is a citizen and resident of the Republic of Singapore. Traxiar is incorporated in Singapore and has its principal place of business in Singapore. Thus, Plaintiff and the entity he represents are Singaporean citizens. *See* 13E Fed. Prac. & Proc. Juris. § 3604 (3d ed.); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) (a corporation organized in a foreign state is deemed to be a citizen or subject of such state).

Defendant Rocky Point International, LLC ("Rocky Point") is a Wisconsin limited liability company. According to sworn testimony of Dag Dvergsten, manager of Rocky Point, the company's sole member is Edgewood International, LLC ("Edgewood"), another Wisconsin limited liability company. In turn, Edgewood's sole member is JAMAX, AS ("JAMAX"), a Norwegian corporation. JAMAX is incorporated in Norway and has its principal place of business in Norway. This means that Rocky Point is itself a citizen of Norway. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (LLCs have the citizenship of their members).

These findings make clear that subject-matter jurisdiction in this case cannot be sited in Section 1332. Moreover, because the claims in this case, which arise solely under Wisconsin state law, implicate no other head of federal jurisdiction, the Court concludes that subject-matter jurisdiction is lacking.

This conclusion requires the Court to dismiss this action in its entirety. District courts cannot act without subject-matter jurisdiction. *Gonzalez v. Thayer*, 565 U.S. 134, 141 (2012). So important is this principle that the Supreme Court and the Federal Rules of Civil Procedure obligate district courts to consider *sua sponte* any potential jurisdictional defects, even if the parties have disclaimed or have not presented them. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 468, 434 (2011). Indeed, even a case that has been tried must be dismissed if it is later determined that the court lacked subject-matter jurisdiction. *Henderson*, 562 U.S. at 434. But whether or not "many months of work on the part of the attorneys and the court may be wasted," a failure of

subject-matter jurisdiction has only one permissible consequence: dismissal. *Id.* Now that the parties agree that jurisdiction does not exist in this case, the Court will take that course and dismiss the action.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge